[No. 2189]

## A. A. HIBBARD, RESPONDENT, *v.* E. G. CLARK, AS ADMINISTRATOR OF THE ESTATE OF A. J. CLARK, DECEASED, APPELLANT.

[156 Pac. 447]

1. EXECUTORS AND ADMINISTRATORS—REJECTED CLAIM—COMPLAINT —PARTICULARITY.

     Where plaintiff's rejected claim against decedent's estate admitted a set-off in favor of decedent for several loans made on the security of real estate and contracts to purchase real estate, the complaint in an action on such rejected claim was insufficient for uncertainty where it failed to specifically set out the loans made, and the property transferred and contracts assigned as security with sufficient fullness to acquaint the defendant administrator and the court therewith.

2. EXECUTORS AND ADMINISTRATORS—CLAIMS—OFFSETS—STATUTE.

     Rev. Laws, 5965, providing for the support by affidavits of claims against decedents' estates, contemplates that offsets in favor of the decedent and known to the claimant be credited upon the claim.

3. EXECUTORS AND ADMINISTRATORS—COMPLAINT—SET-OFF—INCLU-SION.

     In a complaint on a rejected claim against a decedent's estate, the facts constituting an offset or counterclaim in favor of the estate must be alleged; the general rule of pleading that a complaint need not allege facts constituting an offset or counterclaim being inapplicable by reason of the provisions of Rev. Laws, 5965, which contemplates the credit of offsets upon such claims.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran*, Judge.

Action by A. A. Hibbard against E. G. Clark, administrator, to establish a rejected claim against the estate of A. J. Clark, deceased. From an order overruling his demurrer to the complaint and judgment by default for failure to answer over, defendant appeals. Judgment and order overruling demurrer **reversed.**

*James T. Boyd,* for Appellant:

In claims against estates the statements must be clear and unambiguous, so that the claims may be distinguished with reasonable certainty from all other similar claims. (18 Cyc. 480; *Litchenberg* v. *McFlynn,* 105 Cal. 45; *Etchas* v. *Orena,* 127 Cal. 588.)

Section 5965, Revised Laws, requires that due credit be given in claims filed against estates of deceased persons, and that all offsets be set forth clearly and distinctly.

Appellant stood upon his demurrer, overruled by the court, and appeals from the judgment. No bill of exceptions is necessary, as this court will deal with the errors appearing on the face of the judgment roll. The law deems the decision of the court in overruling a demurrer to be excepted to. (Stats. 1915, p. 166, sec. 11; Rev. Laws, 5318; *Daly* v. *Lahontan M. Co.*, 39 Nev. 14.)

*Dixon & Miller*, for Respondent:

The transcript on appeal should be stricken from the files and the appeal dismissed, statements on appeal having been abolished. (Stats. 1915, c. 142.)

In the absence of a bill of exceptions and an assignment of errors, the demurrer cannot be considered by the court. (*McCausland* v. *Lamb*, 7 Nev. 238; *Reinhart* v. *Company D*, 23 Nev. 369; *Peers* v. *Reed*, 23 Nev. 404; *State* v. *Wallin*, 6 Nev. 280.)

The claim of respondent was in such form that, if demurred to, it would be held to state a good cause of action. (*Kirman* v. *Powning*, 25 Nev. 378.)

A consideration of the transcript will make it clear that the appeal was taken merely for delay, and under the statute and practice respondent is entitled to damages for the delay. (*Paroni* v. *Simonson*, 34 Nev. 26.)

By the Court, COLEMAN, J.:

This is an appeal from the judgment on the judgment roll alone. The judgment was by default for failure to answer after demurrer was overruled, and was for the full amount prayed for, to wit, $1,995. But one question is presented—whether the court below erred in overruling defendant's demurrer to plaintiff's second amended complaint.

The complaint in question alleged that A. J. Clark, deceased, in his lifetime became and was indebted to the plaintiff in the sum of $2,000 for work, labor, and services as agent and business manager for the said deceased

at his special instance and request, within four years immediately preceding the death of said decedent; that nothing had been paid on account of said services except the sum of $5. The complaint then further alleged:

"That said deceased, during his lifetime, made to said plaintiff several loans secured by conveyances of real estate and by assignments of contracts for sale of real estate, upon which loans divers payments have been made by the plaintiff from time to time, and the balance now due on said loans amounts to the sum of $881.51 or thereabouts; that the plaintiff is willing to allow the said sum of $881.51 to be applied on account of the above amount so due by the estate of the said deceased to the plaintiff."

The prayer of the complaint is as follows:

"Wherefore the plaintiff demands judgment against the defendant for the sum of $1,995, together with his costs of suit and other appropriate relief, with the privilege to the defendant to set off or counterclaim said sum of $881.51 on reconveying to the plaintiff all real estate conveyed to said deceased as security for said loans and reassignments of all contracts for sale of real estate heretofore assigned by the plaintiff to the said deceased as security for said loans."

Attached to the complaint as an exhibit, and made a part thereof, is a copy of the claim filed with the administrator, the rejection of which is the basis of the action. The body of the claim filed is substantially as set forth in the complaint as quoted and referred to *supra*. The affidavit attached to the claim reads:

"A. A. Hibbard, being first duly sworn, deposes and says: That he is the claimant whose foregoing claim is herewith presented to the administrator of the estate of said deceased; that the amount hereof, to wit, the sum of $1,113.50, is justly due to said claimant after deducting the said sum of $881.50, the balance due on said loans as above set out; that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of affiant, save and except as aforesaid.                    A. A. Hibbard."

The first and second grounds of demurrer are as follows:

"I. That the said second amended complaint is ambiguous, in this:  That it cannot be ascertained from said complaint what conveyances or what real estate said plaintiff conveyed to A. J. Clark, or what kind or character of assignments of contract for the sale of real estate were delivered by plaintiff to A. J. Clark; nor can it be ascertained from said complaint for what real estate said contract of sale was given, nor the amounts due upon such contracts of sale; nor can it be ascertained from said complaint what land was to be conveyed by said contracts of sale, or by the conveyances mentioned in said complaint."

"II. That the said second amended complaint is uncertain for the same reasons that it is ambiguous."

**1-3.** The statute contemplates that offsets, known to the claimant and in favor of the decedent, be credited upon the claim.  (Rev. Laws, 5965.)  While much liberality may be indulged in in sustaining a claim as not being so defective in form as to render it void for ambiguity or uncertainty, where suit is instituted upon such a claim upon rejection, the allegations of the complaint ought to be sufficient to clarify an ambiguous or uncertain statement contained in the claim as filed.

The decision of the court below was based upon the general rule that in an action against an individual defendant a plaintiff is not required to allege facts constituting an offset or counterclaim.  While we have not been cited to a case directly in point, we think it better to hold that the general rule is inapplicable by reason of the provisions of the statute.

The claimant here admits in his claim filed that a certain amount of money was owing by him to the estate on account of certain loans to him made by the decedent which were secured by certain transfers of real estate and assignments of certain contracts affecting real estate. There is as much reason for an assumption that the administrator would not know, as there is that he would know,

the nature of these loans, transfers, and assignments. It is entirely possible that he might know little or nothing in respect to the same. The claimant is in possession of the facts, and he ought to allege the same with sufficient fullness to acquaint the defendant administrator and the court with the amount of the loan or loans, payments made theron, and what specific property was transferred and what contracts were assigned as security. The administrator would not otherwise be advised as to what property was involved or the court be able to enter a judgment in respect thereto. The demurrer to the complaint should have been sustained.

A motion to strike the transcript and to dismiss the appeal has been interposed. We have considered the same in connection with a stipulation of counsel attached to the transcript. The stipulation constitutes a waiver of the objections imposed, and hence the motion is denied.

The judgment and the order overruling the demurrer are reversed, and the cause remanded, with directions to enter an order sustaining the demurrer and giving the plaintiff further time to file an amended complaint.